UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARNOLD DARRELL MORGAN, JR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-00429 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER OF TRANSFER

This is a habeas action filed by a state prisoner incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1). For the reasons stated herein, it is transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

## I. BACKGROUND FACTS AND PROCEEDINGS.

On December 12, 1992, Petitioner Arnold D. Morgan was convicted of aggravated sexual assault of a child and sentenced to fifty years in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), in Criminal Case No. 4-93-1083, styled *State of Texas vs. Arnold Darrell Morgan, Jr.,* in Smith County, Texas.

On September 29, 2014, Morgan filed in the Tyler Division of the Eastern District of Texas, a pleading challenging as unconstitutional his state criminal conviction. (D.E. 1). The pleading was filed on a preprinted form intended for filing actions under 42 U.S.C. § 1983, and although Morgan sought to be released from custody, he also sought "damages" for his allegedly unlawful confinement. (D.E. 1, p. 4). Based on Morgan's

1 / 4

use of the § 1983 form and his prayer for relief, the case was transferred to this Court, the jurisdiction in which Morgan is located. (D.E. 5).

On October 20, 2014, in a separate action, Morgan filed a federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Texas, Tyler Division. (*Morgan v. TDCJ,* Case No. 6:14-cv-812 (E.D. Tex.), at D.E. 1). On December 23, 2014, Magistrate Judge K. Nicole Mitchell recommended that Morgan's § 2254 petition be denied as barred by limitations and that he be denied a Certificate of Appealability. (*Morgan v. TDCJ,* Case No. 6:14-cv-812 (E.D. Tex.), D.E. 8). To date, Morgan has not filed objections to the recommendation and it is still pending.

On January 20, 2015, a *Spears*[1] hearing was conducted in this case before the undersigned Magistrate Judge. Morgan testified he is seeking to set aside his criminal conviction on the grounds that there was insufficient evidence to convict him and that the State's witnesses lied at his criminal trial. He wants his "total conviction" overturned and to be granted his freedom.

## II. DISCUSSION.

While Morgan's written pleading may indicate a desire for money damages, his testimony at the *Spears* hearing clearly indicated his intent in filing this action is to invalidate or overturn the conviction for which he is currently imprisoned. The

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)*; see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

undersigned explained to Morgan that he cannot seek damages for an allegedly unconstitutional sentence unless he can first demonstrate that the challenged sentence has been set aside or overturned. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned])".

Further, a prisoner cannot challenge the fact or duration of his confinement in a § 1983, as these types of claims are properly brought in habeas corpus after exhausting available state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002). Here, Morgan is seeking to have his conviction in Criminal Case No. 4-93-1083 overturned, and if successful, he would necessarily be entitled to an earlier release. As such, his claims are properly characterized as habeas corpus claims.

A habeas action may be filed either in the district where the petitioner is in custody or in the district in which the petitioner was convicted. 28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000). Here, Morgan's place of incarceration is located in the Southern District of Texas, Corpus Christi Division, 28 U.S.C. § 124(b)(6), and he was convicted by a court located in the Eastern District of Texas, Tyler Division. 28 U.S.C. § 124(c)(1).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have

been brought. 28 U.S.C. §§ 1404(a) and 1406(a). Because Morgan was convicted in Smith County, it is more convenient for the action to be handled in the Tyler Division of the Eastern District of Texas. The records of his conviction, the prosecutor and defense lawyer, and the witnesses are all located in the Tyler Division of the Eastern District of Texas. Further, the Court in the Tyler Division is familiar with Petitioner and his habeas actions. Transfer is in order.

Accordingly, it is ordered that the Clerk of the Court TRANSFER this action to the United States District Court for the Eastern District of Texas, Tyler Division. All pending motions are denied without prejudice, subject to re-urging after this action is transferred.

ORDERED this 20th day of January, 2015.

_____
Jason B. Libby
United States Magistrate Judge