IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ARNOLD D. MORGAN, JR., #694741 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv0061 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Arnold Darrell Morgan, Jr., (Morgan), proceeding *pro se* and *in forma pauperis*, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Morgan is in state custody pursuant to a 1994 conviction for the offense of aggravated sexual assault of a child. He was sentenced to fifty years' imprisonment in December 1994. While Morgan did not file a direct appeal, records show that he filed a state habeas application in February 2004. The Texas Court of Criminal Appeals denied his application in 2005. He filed this federal petition in September 2014.

**II. Morgan's Federal Claims**

Morgan contended that there was no evidence whatsoever in which to convict; he insisted that he was willing to undergo a polygraph examination to prove his innocence. He also maintained that his criminal conviction rests upon lies.

1

After a review of the pleadings, the Magistrate Judge issued a Report, (Dkt. #24), recommending that Morgan's petition be denied and his case dismissed with prejudice because it was time-barred by virtue of the statute of limitations. Moreover, the Magistrate Judge found that Morgan neither demonstrated actual innocence nor equitable tolling.

**III. Standard of Review**

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal review is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is custody "pursuant to the judgment of State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the

doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016).

**IV. Morgan's Objections, Discussion, and Analysis**

In response to the Magistrate Judge's Report and Recommendation, Morgan submitted correspondence replete with profanity-laced language. *See* Dkt. # 26 (sealed). Throughout his profanity infused letter, which one could argue almost rises to the level of threatening, Morgan again insists that he is innocent and that the "system" is corrupt. Because this disturbingly crude, inappropriate, and unacceptable tone of Morgan's correspondence reveals a lack of respect for the Court and the judicial system, the Court will strike this document. *See United States Steel Corp. v. United Mine Workers of Am.*, 526 F.2d 377, 377 (5th Cir. 1976) ("By using in their petition for rehearing unprofessional language lacking in respect for the Court, counsel for petitioner has invited the Court to strike their petition."); *Hartfield v. Thaler*, 498 Fed.App'x 440, 442 (5th Cir. 2012) (unpublished) ("The disturbingly unprofessional tone of the this petition reveals a lack of respect for the court and constitutes an invitation to strike the petition.").

Nonetheless, the Magistrate Judge correctly and properly found that Morgan's federal habeas petition is time-barred. As the Magistrate Judge explained, an inmate must file a section 2254 motion within one year of the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. When a defendant does not file a direct appeal, the conviction becomes final when the time for filing a notice of appeal has expired—which is thirty days. *See, e.g., Garcia v. Director*, 2012 WL 1481503 at *2 (E.D. Tex. Mar. 12, 2012) ("In this case, Garcia was convicted on October 16, 2009, and did not take a direct appeal; accordingly, his conviction became final on November 16, 2009, after the expiration of 30 days . . ."); *see also* Tex. R. App. P. 26.2(a).

Here, as the Magistrate Judge found, because Morgan did not file a direct appeal, his conviction became final in January 1995. Any federal petition was thus due in January 1996, absent tolling. His 2004 state habeas application did not toll the time period for which he was permitted to file a timely federal petition because he filed the 2004 state habeas application **after** the one-year period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("Finally, Scott's state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitations had expired.") (emphasis added). Accordingly, the Magistrate Judge properly found that Morgan's petition was time-barred.

Moreover, as the Magistrate Judge indicated in the Report, Morgan failed to demonstrate actual innocence. Actual innocence, if proven, "serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *See McQuiggen v. Perkins*, 133 S.Ct. 1924, 1928 (2013). In this way, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no

4

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id*. (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial)).

Morgan's assertions that there is no evidence in which to convict is conclusory. He provided no specifics regarding this evidentiary claim in his underlying federal petition or in his subsequent correspondence to the Court. Morgan's conclusory allegations and bald assertions are insufficient to support a claim of actual innocence—let alone a petition for writ of habeas corpus. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

Finally, the Magistrate Judge also correctly determined that Morgan was not entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Furthermore, lack of legal knowledge—however understanding the ignorance may be—does not justify equitable tolling. *Id*. at 487.

Morgan has neither demonstrated that he has been actively pursuing his rights, other than the actual filing of his federal petition, nor that some extraordinary circumstances stood in his way. The Court does not find this situation a rare or extraordinary circumstance. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("We have stated that equity is not intended for those who sleep on their rights.") (internal citation and quotations omitted). As the Magistrate Judge reasoned, given that Morgan was convicted in 1994 and did not file a direct appeal, he waited more than over a decade to challenge his conviction. The Court cannot find that Morgan was diligent in pursuing relief, as one of the components of his obligation to pursue his rights diligently is not to squander the one-year grace period. *See Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007). Accordingly, the Magistrate Judge correctly found that Morgan was not entitled to equitable tolling.

## V. Conclusion

A review of the pleadings, the Magistrate Judge's Report, and Morgan's correspondence demonstrate that his federal habeas corpus petition is untimely. The Court has conducted a careful *de novo* review of the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Morgan's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner Morgan's correspondence/objections, (Dkt. # 26), is **STRICKEN** from the record. Any future filings by Petitioner Morgan containing such disturbingly crude and profanity-laced language in this case may result in sanctions. The Report

of the Magistrate Judge, (Dkt. # 24), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

ORDERED that the above-styled petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **25** day of **January, 2018.**

_____
Ron Clark, United States District Judge